UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILLIP L. DICK,

        Plaintiff,

  v.

STEPHEN COCKLIN.,

        Defendants.

Case No.  C07-5370FDB/JKA

ORDER TO SHOW CAUSE

      This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Plaintiff was given leave to proceed *in forma pauperis*.  Defendants in this case filed an answer and allege plaintiff was convicted of third degree assault on a police officer (Dkt # 11). Defendant admits he is the police officer who was assaulted and this is the incident in question where force was used to subdue plaintiff (Dkt # 11).

      Plaintiff admits he was convicted of third degree assault on a police officer in a reply to defendant's answer which he titles "Affirmative defenses to defendants answer's."(Dkt # 13).  Plaintiff cannot collaterally challenge his conviction by attempting to re-litigate the facts used to convict him in a criminal proceeding in this civil rights action.  When a person confined by the state is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to

immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

Plaintiff is now **ORDERED TO SHOW CAUSE:**

1. Is this action a challenge to the force used to arrest you which led to your conviction for third degree assault?
2. If so, why should this case not be dismissed under the case law outlined above?

A response to this order to show cause is due on or before **February 15, 2008.** Failure to respond or an inadequate response may result in a Report and Recommendation that this action be dismissed.

The Clerk is directed to a copy of this order and counsel for defendant and note the **February 15, 2008,** due date on the court's calendar.

DATED this 14 day of January, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge