UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILLIP L. DICK,

        Plaintiff,

   v.

STEPHEN COCKLIN,

        Defendant.

Case No.  C07-5370FDB/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:
MARCH 14, 2008**

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  The court initially screened this action and granted plaintiff's *in form pauperis* application (Dkt. # 3). Subsequently, the court learned that Mr. Dick was in fact collaterally challenging the facts underpinning his current conviction for third degree assault.

      The conviction is the result of plaintiff resisting arrest and Stephen Cocklin was the arresting officer. See, (Dkt. # 11, 13, and 15).  On January 15, 2008, the court entered an order to show cause why the action should not be dismissed as plaintiff cannot collaterally challenge his current conviction in a civil rights action (Dkt. # 15).  Plaintiff did not respond.  Defendant filed a "response" on the date a response was due. Defendant asks the case be dismissed with prejudice because plaintiff has failed to respond to the court's order to show

REPORT AND RECOMMENDATION
Page - 1

cause (Dkt # 17). Having reviewed the file the court recommends **DISMISSAL WITHOUT PREJUDICE** as plaintiff cannot collaterally challenge his current confinement in a civil rights action..

## DISCUSSION

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

When a person confined by the state is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)). The complaint fails to state a cause of action under 42 U.S.C. § 1983.

Here, plaintiff alleges unlawful use of force in an arrest and alleges he did not resist arrest.

REPORT AND RECOMMENDATION
Page - 2

However the record now reflects plaintiff was convicted for assaulting the officer.  A finding in plaintiff's favor calls into question the propriety of his current conviction.  Plaintiff must proceed in habeas corpus.

Defendants argue the dismissal should be with prejudice as plaintiff did not respond to an order to show cause.  Dismissal with prejudice may have a detrimental effect on any Habeas Corpus action Mr. Dick may decide to file regarding his conviction.  The Court should not impose this severe a penalty for failure to respond to the court's order.

## CONCLUSION

Plaintiff's action fails to state a claim as a matter of law.  The action should be **DISMISSED WITHOUT PREJUDICE.**  A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 14, 2008**, as noted in the caption.

DATED this 21 day of February, 2008.

>            */S/ J. Kelley Arnold*
>            J. Kelley Arnold
>            United States Magistrate Judge